UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESTINY HOAG,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>HENDERSON MUNICIPAL COURT,<br>*et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 2:23-cv-00879-MMD-BNW<br><br>ORDER |

　　　　Destiny Hoag initiated this habeas corpus action on June 5, 2023. (ECF No. 1.) Hoag paid the $5 filing fee. (*Id*.) The Court has examined Hoag's petition and will dismiss this action.

　　　　A federal court cannot grant habeas relief where the petition plainly shows the petitioner is not entitled to such relief. *See* 28 U.S.C. § 2243. The court conducts an initial review of each habeas petition and orders a response unless it plainly appears that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . ."). A "petition is expected to state facts that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee's Note to 1976 Amendment (citation and quotation marks omitted). Any petition that is patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects may be dismissed summarily. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient on its face." (citing Habeas Rule 4)).

A habeas claim is cognizable only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016) (en banc). If success on a claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus" and must be brought, if at all, in a civil rights action under 42 U.S.C. § 1983. *Id.* at 931. The habeas petition in this case does not indicate that Hoag is in custody, does not explain the nature of Hoag's custody or the grounds for it, does not name as a respondent any individual holding Hoag in custody, does not explain how Hoag's custody violates the federal constitution or other federal law, and does not allege that success in this case would necessarily lead to immediate or earlier release from custody. Hoag's petition is fundamentally flawed and meritless on its face.

It is therefore ordered that this action is dismissed.

It is further ordered that, because reasonable jurists would not find debatable the dismissal of this action, the Court denies Petitioner a certificate of appealability.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to send a copy of this order to the Nevada Attorney General.

DATED THIS 9th Day of June 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE